# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| OMARY ROCHA, <br> Executor for the Estate of <br> NESTOR ROCHA, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | No. 16-241V <br> Special Master Christian J. Moran <br><br> Issued: April 30, 2019 <br><br> Attorneys' fees and costs, <br> interim award, billing judgment. |

* * * * * * * * * * * * * * * * * * * * *

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner;
Kimberly S. Davey, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION GRANTING IN PART AND DENYING IN PART ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

The petitioner, Omary Rocha, is pursuing a claim that the influenza vaccine administered to her late husband, Nestor Rocha, on October 18, 2013, caused him to suffer from vasculitis and other related complications that resulted in his death. Ms. Rocha seeks compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2012). While her claim is still pending, Ms. Rocha filed a motion for an award of attorneys' fees and costs on an interim basis. For the reasons explained below, Ms. Rocha's motion is granted in part and denied in part without prejudice.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## **Procedural History**

Ms. Rocha's counsel, Carol Gallagher, began working on Ms. Rocha's case in September 2014.  Exhibit A (timesheets) at 1.  The petition was filed on February 18, 2016.  Ms. Rocha later filed medical records and affidavits in support of her petition.

The Secretary reviewed this material and recommended against compensation.  Resp't's Rep., filed Oct. 31, 2016.  The Secretary challenged petitioner's claim that the influenza vaccine caused Mr. Rocha to suffer from vasculitis and, furthermore, that vasculitis caused Mr. Rocha's death.  Id. at 12-13.  Part of the deficiency, according to the Secretary, was that petitioner did not present an expert opinion linking the vaccination to the alleged condition.  Id. at 13.

Following the Rule 4(c) report, petitioner proceeded to file an expert report on causation from Dr. Lawrence Steinman.  Exhibit 21.  Because of deficiencies in Dr. Steinman's report, petitioner was ordered to supplement it.  Order, issued Mar. 7, 2017.  Petitioner did so on June 15, 2017.  Exhibit 46.  Respondent filed a responsive report from Dr. Mehrdad Matloubian on October 23, 2017.  Dr. Matloubian's report was also deficient and respondent was provided additional time to supplement the report.  Order, issued Nov. 8, 2017.  Respondent filed the supplemental report on January 10, 2018.  Exhibit BB.  Petitioner then filed another report from Dr. Steinman on April 10, 2018.  Exhibit 49.

Dr. Steinman and Dr. Matloubian disagreed whether Mr. Rocha suffered from vasculitis prior to his death.  Order, issued May 9, 2019, at 1.  Because Mr. Rocha's treating physicians could offer helpful opinions, the parties were ordered to solicit statements from them.  Id. at 2.  The letters were sent to the treating physicians on August 21, 2018.  Pet'r's Rep., filed Sep. 6, 2018.

During a status conference on October 25, 2018, the parties reported that they had no success soliciting information from the treating physicians.  Order, issued Oct. 26, 2019, at 1.  During that conference, petitioner raised an interest in retaining an expert pathologist to opine on the vasculitis diagnosis.  Id.  However, petitioner expressed reticence about doing so due to the costs associated with retaining a second expert.  Id.  Petitioner was encouraged to move for interim fees if the costs associated with expert reports were becoming a burden on her efforts to build a case on entitlement.  Id. at 2.

On December 18, 2018, petitioner filed a status report stating that she intended to file a report from a pathologist. The pathologist's report is currently due June 4, 2019. Order, issued March 22, 2019.

On January 17, 2019, petitioner moved for interim fees and costs. Petitioner's motion requests $105,550.55 in attorneys' fees, $24,110.43 in costs paid by petitioner's attorney, and $1,000.00 in costs paid for by petitioner.

On February 27, 2019, respondent filed a response.[2] Respondent stated that he "defers to the Special Master" to determine whether the statutory requirements for an award of attorneys' fees and costs are met and whether petitioner has met the legal standard for an interim award. Resp't's Resp., filed Feb 27, 2019, at 2. Assuming the statutory bases for an award are met, respondent further deferred to the undersigned to determine what would constitute a reasonable award. Id. at 3.

Petitioner filed a reply on February 28, 2019. In her reply, petitioner provided argument in support of her eligibility for an interim award. Petitioner's motion is now ripe for adjudication.

## Analysis

The pending motion raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Ms. Rocha is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Ms. Rocha should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for An Award of Attorneys' Fees and Costs

Since Ms. Rocha has not received compensation from the Program, she may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements

---

[2] The deadline for the response was extended, by general order of the chief special master, due to the government shutdown.

that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014). Collectively, Dr. Steinman's reports in this case establish that a reasonable basis exists as of the filing of this motion.

## 2. Appropriateness of an Interim Award

Interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, petitioners are not entitled to fee awards as a matter of right; an award of interim fees is within the discretion of the special master. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera, 515 F.3d at 1352 (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case).

Often when deciding the appropriateness of an interim award, the undersigned will consider factors such as how protracted the proceedings are, whether attorneys have spent large sums on costly experts, and whether there is a situation that creates undue hardship on the petitioner or petitioner's counsel. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera, 515 F.3d at 1352. The Circuit has also considered whether petitioners

4

faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000, expert costs exceed $15,000, and the case has been pending for more than 18 months. Ms. Rocha clears these hurdles. It is also notable that Ms. Rocha is not likely to have a decision on entitlement prior to 2021. Accordingly, an interim award for Ms. Rocha is appropriate.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The undersigned is obligated to assess the reasonableness of the request for attorneys' fees and costs regardless of the lack of objection from the Secretary. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

<u>Reasonable Hourly Rate</u>

Ms. Gallagher's hourly rates have been recently analyzed by Judge Kaplan of the Court of Federal Claims. See De Souza v. Sec'y of Health & Human Servs., 141 Fed. Cl. 338 (2018). In her decision, Judge Kaplan determined that Ms. Gallagher should be compensated at a rate of $350 per hour for 2016, $363 per hour for 2017, and $400 per hour for 2018. Id. at 7-8. These are the rates that Ms. Gallagher requests and the undersigned adopts those rates as reasonable here.

<u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the

5

Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties"); Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011).

Furthermore, attorneys should not charge for the performance of secretarial / clerical tasks.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).  One example of a clerical task for which a charge is not appropriate is filing documents.  Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

In her motion for fees and costs, petitioner summarized the work that her attorney has done thus far.  She states that in addition to obtaining and filing medical records and expert reports: "There were five (5) status conferences held, status reports were filed, a motion to obtain a subpoena and two (2) motions for extensions were filed, correspondence was sent to two (2) of petitioner's treating physicians, pursuant to the court's order, there were numerous communications, via e-mail, with petitioner's expert, and email and telephone communications with petitioner. A demand was sent to respondent on November 30, 2017."  Pet'r's Mot., filed Jan. 17, 2019, at 1.  For this, petitioner requests over $105,000 in attorneys' fees.

In the undersigned's experience in the Vaccine Program and given the complexity and duration of Ms. Rocha's petition, the request of $105,000 for attorneys' fees is stunning.  The amount requested is more in line with final fees awards for cases with more extended procedural histories, including going to hearing.

A review of Ms. Gallagher's timesheets provides an indication of the nature of the problem.  The timesheets are replete with line items showing that Ms. Gallagher billed for the time spent collecting medical records from providers, time spent reviewing simple docketing entries, and time spent dictating to her Secretary how to do paralegal-type work.  These entries subsume those entries that represent actual legal work of the nature that commands hourly rates as high as $400 per hour.

6

This is not the first, second, or even third time that these same concerns have been shared with Ms. Gallagher. In De Souza, the undersigned recently reduced Ms. Gallagher's invoice by 35% to correct for overbilling. De Souza v. Sec'y of Health & Human Servs., No. 17-100V, 2018 WL 4624249, at *3 (Fed. Cl. Spec. Mstr. July 3, 2018) (citing Ploughe v. Sec'y of Health & Human Servs., No. 14-626V, 2017 WL 4455632, at *4 (Fed. Cl. Spec. Mstr. Sep. 11, 2017) and Gonzalez v. Sec'y of Health & Human Servs., No. 14-1072V, 2015 WL 10435023, at *13-14 (Fed. Cl. Spec. Mstr. Nov. 10, 2015), as two examples where Ms. Gallagher's invoices were found to suffer from the same problem), mot. for rev. denied in relevant part, 141 Fed. Cl. 338 (2018). On review, Judge Kaplan performed her own assessment of Ms. Gallagher's invoice and independently found that the billing entries were consistent with systemic overbilling. De Souza, 141 Fed. Cl. at 346.

According to the Supreme Court, when counsel submits an application for attorneys' fees, the attorney should exercise "billing judgment." See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in the original) ("In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority")). Ms. Gallagher's decision to bill at $400 per hour for tasks that can be effectively performed by a paralegal or secretary is incompatible with billing judgment. Furthermore, excessive billing is not consistent with superior quality legal work. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566-67 (1986).

The issues present in Ms. Gallagher's timesheets are pervasive enough to make an assessment as to reasonableness not feasible currently. In prior decisions, the undersigned has resorted to making percent reductions that could achieve "rough justice." De Souza, 2018 WL 4624249, at *3 (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). These reductions have, it would seem, not been sufficient to encourage Ms. Gallagher to exercise billing judgment since she submitted more invoices that are replete with many of the same problems previously identified.

Accordingly, Ms. Rocha's request for attorneys' fees is denied without prejudice to renew. Ms. Rocha may submit another motion for fees and costs at a subsequent date. If the motion includes an invoice from Ms. Gallagher, it must substantially conform with the precedent in this Program regarding attorneys' fees. If it does not, the motion may be denied.

7

Costs

Ms. Rocha requests $24,110.43 in costs incurred by her attorney and $1,000.00 in costs incurred by her personally.  The requested amount includes costs associated with retrieving medical records, the court filing fee, service of process, and expert fees.  These routine (non-expert) costs, which total $1,885.43, are reasonable.

The remainder, $22,225.00, concerns the costs for the expert reports from Dr. Steinman.  This amount is also reasonable.  Accordingly, petitioner's requested costs are awarded in full.

*     *     *

Accordingly, petitioner is awarded:

1. **A lump sum of $24,110.43 in the form of a check made payable to petitioner and petitioner's attorney, Carol Gallagher.**

2. **A lump sum of $1,000.00 in the form of a check made payable to petitioner, Omary Rocha.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master