# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| OMARY ROCHA, * | |
| Executor for the Estate of * | |
| NESTOR ROCHA, * | |
| * | No. 16-241V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | |
| * | Issued: June 11, 2020 |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | Attorneys' fees and costs, |
| * | interim award, billing judgment. |
| Respondent. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Carol L. Gallagher</u>, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner;
<u>Kimberly S. Davey</u>, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION DENYING
## ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

The petitioner, Omary Rocha, is pursuing a claim that the influenza vaccine administered to her late husband, Nestor Rocha, on October 18, 2013, caused him to suffer from vasculitis and other related complications that resulted in his death. Ms. Rocha seeks compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2012). While her claim is still pending, Ms. Rocha filed a motion for an award of attorneys' fees and costs on an interim basis. For the reasons explained below, Ms. Rocha's motion is denied.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## **Procedural History**

Ms. Rocha's counsel, Carol Gallagher, began working on Ms. Rocha's case in September 2014.  Exhibit A (timesheets) at 1.  The petition was filed on February 18, 2016.  Ms. Rocha later filed medical records and affidavits in support of her petition.

The Secretary reviewed this material and recommended against compensation.  Resp't's Rep., filed Oct. 31, 2016.  The Secretary challenged petitioner's claim that the influenza vaccine caused Mr. Rocha to suffer from vasculitis and, furthermore, that vasculitis caused Mr. Rocha's death.  Id. at 12-13.  Part of the deficiency, according to the Secretary, was that petitioner did not present an expert opinion linking the vaccination to the alleged condition.  Id. at 13.

Following the Rule 4(c) report, the parties retained experts.  Ms. Rocha presented reports from Lawrence Steinman, a neurologist.  The Secretary retained Mehrdad Matloubian, a rheumatologist.  The Secretary added a report from a pathologist, Barbara S. Ducatman.  Ms. Rocha then responded with a report from another pathologist, Steven Rostad.

On January 17, 2019, petitioner moved for interim fees and costs.  CM/ECF 81.  Petitioner's motion requested $105,550.55 in attorneys' fees, $24,110.43 in costs paid by petitioner's attorney, and $1,000.00 in costs paid for by petitioner.  At this time, Ms. Rocha had retained only Dr. Steinman and not Dr. Rostad.

The undersigned granted this motion in part and denied this motion in part.  First Interim Fees Decision, issued April 30, 2019, CM/ECF 87.  Ms. Rocha was granted the costs that she personally incurred as well as costs Ms. Gallagher incurred, such as costs for Dr. Steinman's first reports.  However, as significant for the pending motion, the undersigned declined to award any attorneys' fees.  The undersigned determined that Ms. Gallagher had not exercised appropriate billing judgment.  Thus, the request for fees was denied, but Ms. Rocha was permitted to file a renewed motion with adjustments to the amount of fees requested.

Ms. Rocha, acting through Ms. Gallagher, responded with a series of motions.  On May 14, 2019, she filed a motion for leave to file a motion for review (CM/ECF 88); on May 16, 2019, she filed a motion for reconsideration (CM/ECF 89); also, on May 16, 2019, she filed a second motion for attorneys' fees and costs

on an interim basis (CM/ECF 90).  The undersigned stated that filing a motion for leave to file a motion for review was not necessary.  Order, issued May 22, 2019, CM/ECF 92.  The undersigned denied the motion for reconsideration.  Order, issued May 22, 2019, CM/ECF 93.  The denial of the motion for reconsideration (1) noted that Ms. Rocha had already expressed an intent to file a motion for review and (2) expressed an intention to follow the instructions of any appellate authority.

On May 30, 2019, Ms. Rocha acted in accord with her previously announced intentions by filing a motion for review of the First Interim Fees Decision.  CM/ECF 96.  The Secretary responded.  CM/ECF 104.  Because of the overlap between the issues in the second motion for interim fees and the motion for review, the second motion for interim fees remained unadjudicated.

Meanwhile, Ms. Rocha and the Secretary continued to advance the claim that the vaccine harmed Ms. Rocha's husband.  For example, the parties presented reports from the pathologists.

When it appeared that the parties had completed the submission of opinions from their experts, see Pet'r's Status Rep., filed Dec. 17, 2019, CM/ECF 118, the case was poised to move to the next phase.  In this stage, the parties would submit briefs regarding entitlement.  See order filed Dec. 20, 2019, CM/ECF 118.  Upon receipt of this order, Ms. Rocha reversed course and determined that she wanted to file another expert report, which she filed on March 12, 2020.

A status conference was held on May 7, 2020.  The Secretary requested an opportunity to respond to the most recent report from Ms. Rocha's expert.  In addition, Ms. Gallagher announced an intention to file a motion to withdraw as counsel.  The undersigned advised that Ms. Gallagher's motion would not be granted automatically as the case had been pending for many years.

Ms. Rocha filed a motion to withdraw the pending motion for review of the First Interim Fees Decision on May 14, 2020.  The Court granted that motion the same day.  CM/ECF 129-30.  The withdrawal of motion for review allowed the Clerk's Office to enter judgment in accord with the First Interim Fees Decision, which happened on June 2, 2020.  CM/ECF 132.

Before the Clerk's Office entered judgment, Ms. Rocha filed a third motion for an award of attorneys' fees and costs on an interim basis.  CM/ECF 131.  While Ms. Gallagher has requested reimbursement for activities after the first two

motions for interim fees, it appears that Ms. Gallagher has not otherwise modified her request. Via an informal communication, the Secretary was permitted not to file a formal response as the Secretary had responded previously. In response to the entry of judgment awarding some costs, Ms. Gallagher amended the motion for attorneys' fees and costs on an interim basis.

## Analysis

The First Interim Fees Decision found that Ms. Gallagher did not exercise appropriate billing judgment. That Decision explained:

> When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties"); Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011).
>
> Furthermore, attorneys should not charge for the performance of secretarial / clerical tasks. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997). One example of a clerical task for which a charge is not appropriate is filing documents. Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

4

In her motion for fees and costs, petitioner summarized the work that her attorney has done thus far. She states that in addition to obtaining and filing medical records and expert reports: "There were five (5) status conferences held, status reports were filed, a motion to obtain a subpoena and two (2) motions for extensions were filed, correspondence was sent to two (2) of petitioner's treating physicians, pursuant to the court's order, there were numerous communications, via e-mail, with petitioner's expert, and email and telephone communications with petitioner. A demand was sent to respondent on November 30, 2017." Pet'r's Mot., filed Jan. 17, 2019, at 1.  For this, petitioner requests over $105,000 in attorneys' fees.

In the undersigned's experience in the Vaccine Program and given the complexity and duration of Ms. Rocha's petition, the request of $105,000 for attorneys' fees is stunning.  The amount requested is more in line with final fees awards for cases with more extended procedural histories, including going to hearing. A review of Ms. Gallagher's timesheets provides an indication of the nature of the problem.  The timesheets are replete with line items showing that Ms. Gallagher billed for the time spent collecting medical records from providers, time spent reviewing simple docketing entries, and time spent dictating to her Secretary how to do paralegal-type work.  These entries subsume those entries that represent actual legal work of the nature that commands hourly rates as high as $400 per hour.

This is not the first, second, or even third time that these same concerns have been shared with Ms. Gallagher.  In De Souza, the undersigned recently reduced Ms. Gallagher's invoice by 35% to correct for overbilling.  De Souza v. Sec'y of Health & Human Servs., No. 17-100V, 2018 WL 4624249, at *3 (Fed. Cl. Spec. Mstr. July 3, 2018) (citing Ploughe v. Sec'y of

5

Health & Human Servs., No. 14-626V, 2017 WL 4455632, at *4 (Fed. Cl. Spec. Mstr. Sep. 11, 2017) and Gonzalez v. Sec'y of Health & Human Servs., No. 14-1072V, 2015 WL 10435023, at *13-14 (Fed. Cl. Spec. Mstr. Nov. 10, 2015), as two examples where Ms. Gallagher's invoices were found to suffer from the same problem), mot. for rev. denied in relevant part, 141 Fed. Cl. 338 (2018). On review, Judge Kaplan performed her own assessment of Ms. Gallagher's invoice and independently found that the billing entries were consistent with systemic overbilling. De Souza, 141 Fed. Cl. at 346.

According to the Supreme Court, when counsel submits an application for attorneys' fees, the attorney should exercise "billing judgment." See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in the original) ("In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority")). Ms. Gallagher's decision to bill at $400 per hour for tasks that can be effectively performed by a paralegal or secretary is incompatible with billing judgment. Furthermore, excessive billing is not consistent with superior quality legal work. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566-67 (1986).

The issues present in Ms. Gallagher's timesheets are pervasive enough to make an assessment as to reasonableness not feasible currently. In prior decisions, the undersigned has resorted to making percent reductions that could achieve "rough justice." De Souza, 2018 WL 4624249, at *3 (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). These reductions have, it would seem, not been sufficient to encourage Ms. Gallagher to exercise billing judgment since she submitted more

6

invoices that are replete with many of the same problems previously identified.

Accordingly, Ms. Rocha's request for attorneys' fees is denied without prejudice to renew. Ms. Rocha may submit another motion for fees and costs at a subsequent date. If the motion includes an invoice from Ms. Gallagher, it must substantially conform with the precedent in this Program regarding attorneys' fees. If it does not, the motion may be denied.

Despite the direction in the First Interim Fees Decision, it appears that in the pending motion for an award of attorneys' fees and costs on an interim basis, Ms. Gallagher has not changed the substance of her request. Thus, the undersigned's evaluation remains.

The undersigned recognizes that Ms. Gallagher was not satisfied with the previous outcome. As a disappointed litigant, Ms. Gallagher possessed the right to seek review of the First Interim Fees Decision and she did file a motion for review. The motion for review was an appropriate procedure to change the result of the First Interim Fees Decision. Simply refiling essentially the same motion that was previously denied is not.

Accordingly, the amended motion for an award of attorneys' fees and costs filed on June 9, 2020, is DENIED. This request may be folded into any motion for attorneys' fees and costs filed at the conclusion of proceedings on entitlement.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
